**Farmarz B. HAKAKHA, Plaintiff—Appellant,**

v.

**PEREGRINE FINANCIAL & SECURITIES INC., an Iowa corporation; Rob Uria, an individual; Rebecca J. Wing, an individual, Defendants—Appellees.**

No. 04–55395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2005.

Decided April 17, 2006.

David Burkenroad, Esq., Los Angeles, CA, for Plaintiff-Appellant.

Jones Bell, Los Angeles, CA, Michael L. Abbott, Joel J. Bellows, Esq., Christopher L. Gallinari, Laurel G. Bellows, Esq., for Defendant-Appellee.

Before: LEAVY and RAWLINSON, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

Faramarz Hakakha appeals the district court's dismissal with prejudice of his di-

---

\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

versity action against Peregrine Financials & Securities, Inc. (PF & S), a securities brokerage firm. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291, and, after de novo review, *see Smith v. Pacific Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004), we affirm.

Hakakha's complaint alleged a claim of malicious prosecution [1] under California law based on allegations that PF & S brought an action against him in Illinois state court concerning a dispute that was subject to mandatory arbitration before the National Association of Securities Dealers (NASD). Hakakha alleged that PF & S' filing of and refusal to dismiss the Illinois court action was part of a malicious scheme devised to deprive Hakakha of his right to proceed pursuant to the arbitration agreement. Hakakha further alleged that the defendants knew that the action was brought without probable cause and that the "matter" terminated favorably to him. The Illinois court ultimately granted Hakakha's motion to compel arbitration before the NASD.

A cause of action for malicious prosecution under California law has three required elements. There must be a prior action that (1) was commenced by the defendant and pursued to a legal termination in the plaintiff's favor; (2) was brought without probable cause; and (3) was initiated with malice. *See Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 254 Cal.Rptr. 336, 765 P.2d 498, 501 (1989). In *Brennan v. Tremco, Inc.*, 25 Cal.4th 310, 105 Cal.Rptr.2d 790, 20 P.3d 1086, 1088 (2001), the California Supreme Court held that "[w]hether the underlying action started in court or in arbitration, if it ends in contractual arbitration, that termination will not support a malicious prosecution action." The court gave two rationales for its holding: 1) preventing " 'an unending roundelay of litigation' " by not expanding derivative tort remedies, including malicious prosecution and 2) encouraging parties voluntarily to choose binding arbitration "to end the entire dispute." *Id.* (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365, 370 (1990)). In *Brennan*, unlike the present appeal, the agreement to arbitrate occurred after the action was brought in state court. This distinction, however, is not significant in light of the policies supporting the holding. Allowing Hakakha's malicious prosecution action to proceed would expand the litigation surrounding his dispute with PF & S. The NASD has mechanisms to impose sanctions for violations of arbitration agreements. Therefore, the Illinois court's determination that PF & S' claim should be arbitrated does not constitute a "legal termination" in Hakakha's favor for purposes of a malicious prosecution claim.

AFFIRMED.[2]

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

---

1. Hakakha's complaint also alleged a claim for unfair business practices under Cal. Bus. & Prof.Code § 17200 *et. seq*. However, Hakakha does not argue that dismissal of that claim was erroneous.

2. Hakakha's two motions to supplement the record, filed on August 2, 2004 and September 15, 2004, are denied.